TRAVELERS INSURANCE COMPANY, A CORPORATION, *Plaintiff in Error*, v. EDWARD W. PEAKE; *Defendant in Error*.

### Opinion Filed July 13, 1921.

1. Policies of insurance are designed to secure indemnity to the insured for losses or injuries stated in the policy and the terms used should be so construed as to effectuate the purpose designed, ambiguous provisions being fairly construed in favor of the injured, but parties *sui juris* are bound by their valid contracts and where a particular risk is expressly and clearly excepted from the risks assumed by the insurer, the courts have no power to enforce indemnity for losses or injuries resulting from such excepted risks as expressed by the indemnity contract contained in the policy.

2. A passenger in an airplane flying in the air, whether he takes part in the operation of the airplane or not, is "participating in aeronautics;" within the intent and meaning of the provision specifically excepting such a risk from the indemnity contract contained in the policy herein.

A Writ of Error to the Court of Record for Escambia County; C. Moreno Jones, Judge.

*Blount & Blount & Carter,* for Plaintiff in Error;

No appearance for Defendant in Error.

WHITFIELD, J.—Judgment for the plaintiff was rendered on a demurrer to a declaration on an insurance policy and defendant took writ of error.

The policy made a part of the declaration insured the plaintiff "against loss resulting from bodily injuries, effected directly and independently of all other causes, through external, violent and accidental means  *  *  *

as specified in the following schedule, subject to the pro-
visions and. limitations hereinafter contained." * * *
"The insurance hereunder shall not cover injuries fatal
or non-fatal * * * sustained by the insured while par-
ticipating. in or in consequence of having participated in
aeronautics."

The declaration alleges "that on the 31st day of August,
A. D. 1919, at a time while the said policy was in full
force and effect, the plaintiff was severely injured in the
manner following, to-wit: The plaintiff being then and
there in the City of Montgomery, State of Alabama, as a
visitor to the State Fair being then held in the said City
of Montgomery, that at the Fair Grounds, one Richard
Johnson maintained and operated for hire an air-plane in
which the said Richard Johnson carried passengers for
various short trips in the air. That the plaintiff while at
the said fair, took passage for one trip in said air-plane,
which said air-plane was then and there under the direc-
tion and control of the said Richard Johnson, that the
plaintiff had no control over the said air-plane, and had
no management or operation thereof, but that a passenger,
aforesaid, he entered into the said air-plane, which under
the sole direction, guidance and management of the said
Richard Johnson proceeded on one of its trips through
the air, carrying plaintiff as passenger aforesaid. That on
the said trip, and while the said air-plane was in the air,
it fell from some cause unknown to the plaintiff, and
crashed on the ground, carrying with it the operator,
Richard Johnson, and also the plaintiff, that in the fall,
the plaintiff aforesaid sustained certain injuries including
broken bones in his leg and several contusions, bruises and
shock."

In the application for insurance this appears: "Do you ever engage in motorcycling or aeronautics? No."

Among the grounds of the demurrer are the following: "2. It appears from the allegations of the declaration that the injuries of which the plaintiff complains are injuries for which he is not entitled to recover under the policy sued upon.

"3. It appears from the allegations of the declaration that the injury complained of resulted from a cause excepted from the operation of the policy sued upon.

"4. It appears from the allegations of the declaration that the injury of which the plaintiff complains was sustained by the insured while participating and in consequence of having participated in aeronautics."

Policies of insurance are designed to secure indemnity to the insured for losses or injuries stated in the policy and the terms used should be so construed as to effectuate the purpose designed, ambiguous provisions being fairly construed in favor of the insured, but parties *sui juris* are bound by their valid contracts and where a particular risk is expressly and clearly excepted from the risks assumed by the insurer, the courts have no power to enforce indemnity for losses or injuries resulting from such excepted risks, as expressed by the indemnity contract contained in the policy.

A passenger in an air-plane flying in the air, whether he takes part in the operation of the air-plane or not, is "participating in aeronautics" within the intent and meaning of the provision specifically excepting such a risk from the indemnity contract contained in the policy. See

Bew v. Travellers Ins. Co., —— N. J. ——, 112 Atl. Rep. 859.

Reversed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.