CHARETTE, Respondent, vs. PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.

*October 15—November 11, 1930.*

For the appellant there was a brief by *Lines, Spooner & Quarles,* attorneys, and *Howard A. Hartman* and *H. William Ihrig* of counsel, all of Milwaukee, and oral argument by *Mr. Hartman.*

*Harvey A. Malig* of Milwaukee, for the respondent.

FOWLER, J. The action is to recover on a life insurance policy containing a clause for additional payment of $2,000 in case of death by accident which clause contained the following exception:

"Provided, however, that no accidental death benefit shall be payable if such death resulted from suicide—whether sane or insane; from having been engaged in aviation or submarine operations or in military or naval service in time of war; or from a state of war, riot, or insurrection; or, directly or indirectly from bodily or mental infirmity or disease in any form."

The only question involved is that of liability under the accident clause.

The insured met death in the fall of an airplane. He was not in the business of aviation or of operating airplanes. He had owned an airplane for a time the summer previous to the accident and had apparently learned, or thought he had, to operate a plane. The only witness was a Mr. Rollins, who had landed in presence of the insured from a solo flight in a plane owned by himself and his brother.

The deceased, Charette, criticised his landing and offered to show him how to improve it. Charette and Rollins got into the plane and Charette took the controls and took off. After rising and flying a mile the plane struck a cross wind, went into a tailspin and came down in Milwaukee Bay, drowning Charette. Charette had sole control of the plane at all times during the flight.

The application upon which the policy was issued contained among others the following questions, to both of which the applicant answered "No:" "Do you expect to take aerial flights or submarine voyages within the next year, either for pleasure or business?" And "Are you now or have you any intention of becoming connected with the military or naval service, either regular or reserve?"

The appellant claims that the language of the exception, "having been engaged in aviation," exempts it from liability for a death resulting from either operating a plane or riding in a plane as a passenger. The respondent claims that the policy covers deaths resulting from any aviation accidents, whether to passengers in or operators of airplanes, except those occurring "in time of war." These claims are broader than the particular facts involved require us to determine, as the deceased was not a passenger, but they are stated because courts have ruled differently upon them, and their differing rulings indicate that the provision under construction is ambiguous.

The main contention of appellant may be briefly stated as follows: the primary rule of construction is that all words and phrases shall be construed according to the common and approved usage of the language, unless such construction would be inconsistent with the manifest intent of the parties. This is the rule for statutory construction given by sec. 370.01 (1), Stats., but it applies with equal force to the construction of contracts, if the word "parties" be substituted for the word "legislature" in the statute. The common rather than the technical interpretation should

be given to the language used. *Sands v. Kaukauna W. P. Co.* 115 Wis. 229, 91 N. W. 679. Appellant urges under this rule that any one in an airplane is "engaged in aviation," and with stronger reason that the word "operations" refers back to aviation as well as to the word "submarine" and makes one who is operating an airplane "engaged in aviation operations."

One of the main contentions of respondent is that the adverbial phrase "in time of war" refers back to the predicate phrase "having been engaged," and thus excludes all peace-time aviation and aviation operations from the exception. But appellant contends that by common usage adverbial phrases are placed in juxtaposition, as nearly as can be, to that which they qualify. Consequently, by common usage, the phrase "in time of war" refers to that nearest it which it may reasonably be inferred to qualify, which in this instance is the phrase "in military or naval service." This is the doctrine of the last antecedent approved and applied in *Jorgenson v. Superior,* 111 Wis. 561, 566, 87 N. W. 565. "Relative and qualifying words, phrases, and clauses are to be applied to the words or phrase immediately preceding, and are not to be construed as extending to or including others more remote, unless such extension is clearly required by a consideration of the entire act." 36 Cyc. 1123. This was said with reference to construction of a statute, but like sec. 370.01 (1) it applies with equal force to construction of contracts. The respondent also urges in this connection that the punctuation requires reference of the phrase "in time of war" to the predicate phrase, but appellant answers that it is very seldom that construction hinges on punctuation and that it is never a very forceful consideration. Respondent seeks to fortify its contention in this respect by urging that separating the excepting clauses by semicolons indicates an intent to except four distinct classes of accidents: those resulting from (1) suicide, (2) activities in waging war, (3) war, riot, or insurrection,

(4) infirmity or disease, each of which as a whole covers a single idea or proposition and indicates that "in time of war" was meant to qualify the whole class. To which appellant answers that it is a familiar rule of construction that each word and phrase in a clause construed should be given meaning. The construction contended for by respondent would render the phrase "in aviation or submarine operations" meaningless, as without that phrase, under the construction contended for, the clause would have precisely the same meaning as with it. Appellant also suggests in this connection that propounding the two questions above quoted in the application for insurance negatives respondent's idea that the exception phrase was not intended to be limited to "time of war," as there is no express or implied limitation of the questions to wartime. To which it might properly be replied, if one "engaged in aviation" or "aviation operations" was intended to mean as contended for by appellant, why put any question concerning aviation at all, as everybody so engaged is excluded under that construction and the questions are without significance.

Respondent also contends that the phrase "engaged in" implies occupation or continuous activity as distinguished from a single act. It has often been so held in construing ordinances and acts requiring licenses of one "engaged in business." *Nashville, C. & St. L. R. Co. v. Attalla,* 118 Ala. 362, 24 South. 450; *State v. Roberson,* 136 N. C. 587, 48 S. E. 595. Appellant responds that the phrase "engaged in" has been held to apply to a single act in construing an ordinance imposing a penalty against a person who is "engaged in shooting," and that it will be so held whenever the context indicates that single acts should be included. *Smith v. State,* 50 Ala. 159.

This summary of counsel's arguments, which is not intended as complete, indicates quite clearly that the meaning of the exception clause involved is not free from doubt and

that forceful reason may be given for each construction contended for. The decided cases which construe the precise and similar provisions are about equally divided in support of the respective contentions of the parties and reason in support of their views much as counsel have done here. The precise clause was construed in *Peters v. Prudential Ins. Co.* 133 Misc. 780, 233 N. Y. Supp. 500, and by the supreme court of Florida in *Price v. Prudential Ins. Co.* 124 South. 817. The *Peters Case* involved a passenger and the *Price Case* an operator. Both held that a passenger is not within the exception, but the *Price Case* held that an operator is within it. *Masonic Acc. Ins. Co. v. Jackson,* 200 Ind. 472, 164 N. E. 628, holds that a passenger is not "engaged in aviation." *Benefit Asso. Ry. Employees v. Hayden,* 175 Ark. 565, 299 S. W. 995, holds that a passenger is not "engaged in aeronautics." The phrase "participating in aeronautics" has been construed to include a passenger in *Meredith v. Business Men's Acc. Asso.* 213 Mo. App. 688, 252 S. W. 976; *Travelers Ins. Co. v. Peake,* 82 Fla. 128, 89 South. 418; *Bew v. Travelers Ins. Co.* 95 N. J. L. 533, 112 Atl. 859. "Participating in aeronautic activity" was held to include one who, after operating a plane in flight, was struck by the propeller on alighting in *Pittman v. Lamar Life Ins. Co.* 17 Fed. (2d) 370, and not to include a passenger so struck in *Tierney v. Occidental L. Ins. Co.* 89 Cal. App. 779, 265 Pac. 400.

This brings us to the point of saying that some members of this court would say that construing the language of the provision itself the deceased is within the exception and some would say that he is not. But all are agreed that the situation is one for application of the familiar rule that where a provision of an insurance policy is ambiguous, where it is doubtful whether it should be construed in favor of the company or the insured, that construction will be given which is favorable to the insured. If an insurance company in writ-

ing its policy fails so to write a provision as to indicate with reasonable certainty what it means by it, it has not just cause for complaint that the provision is given a reasonable construction contrary to its contention, although its contention may also have reason to support it. The court will not in such case do any fine or precise balancing of reasons or splitting of hairs to uphold its contention.

*By the Court.*—The judgment is affirmed.