## MOYER v. MUTUAL BENEFIT HEALTH & ACCIDENT ASS'N.

No. 3947–A.

District Court of Alaska. First Division. Juneau.

Dec. 31, 1936.

George B. Grigsby, of Juneau, for plaintiff.
Faulkner & Banfield, of Juneau, for defendant.

ALEXANDER, District Judge.

This matter comes before the court on defendant's demurrer to plaintiff's complaint upon the ground that same does not state facts sufficient to constitute a cause of action.

This is an action upon an accident insurance policy, the material allegations being that the plaintiff, being insured under one of the policies of the defendant, sustained bodily injuries while riding as a passenger in an aeroplane on a

trip between Juneau and Chichagof, Alaska, during the course of which the plane crashed resulting in the injuries alleged.

A copy of the policy under which plaintiff claims recovery is attached to and made part of his complaint. This policy contains the following provision: "This policy does not cover death, disability or loss sustained * * * or * * * received because of, or while participating in aeronautics."

This provision of the policy, which defendant claims exempts it from liability, was the basis of its demurrer as argued to the court.

The defendant contends that the plaintiff was "participating in aeronautics" at the time of the accident complained of, or that the injury was received "because of or while participating in aeronautics," and that, it having specifically exempted itself from liability therefor, there can be no liability under its policy.

The sole question, therefore, raised by the demurrer, is the interpretation of that part of the policy above quoted, viz. "This policy does not cover death, disability or loss sustained * * * or * * * received because of or while participating in aeronautics."

■ To say that one was injured "because of or while participating in aeronautics" is the equivalent of saying, "because of participating in aeronautics" or "while participating in aeronautics." In either event the liability sought to be exempted from by the defendant is "participating in aeronautics."

The plaintiff's contention is that the language used in the policy would not exempt the defendant from liability, or that at best it is doubtful whether it was intended, by the language used, to exclude from the benefits of the policy a casual passenger traveling in an aeroplane engaged in transporting passengers for hire, and that—under the familiar rule that the language of a policy, if ambiguous, will

be construed against the insurer—the company should be required to pay for the injury so sustained.

The defendant, on the other hand, urges that the case of Bew v. Travelers Insurance Company, 1921, 95 N.J.L. 533, 112 A. 859, 14 A.L.R. 983, is decisive. The policy there excluded "injuries  *  *  *  sustained  *  *  *  while participating in or in consequence of having participated in aeronautics." The insured was a passenger in an aeroplane when killed, and his death was held to be excluded from the coverage.

The wording of the policy is very similar to that in question and its holding appears to be supported by the earlier cases.

The plaintiff admits that the earlier cases support in principle the holdings in the Bew case, but on his behalf urges that these earlier cases have, with the growth of aviation as a means of transportation, been gradually liberalized until Gregory v. Mutual Life Insurance Company of New York, 8 Cir., 78 F.2d 522, repudiated entirely these earlier cases and held that the expression "participation in aeronautics" within a life insurance policy's double indemnity provision excepting death resulting from participation in aeronautics, —being doubtful and ambiguous, must be construed most strongly against the insurer, and gives as its reasons for so holding, that:

"When the terms 'engaging in aeronautics,' and 'participating in aeronautics,' were first introduced into insurance contracts, the science or art was in its experimental stage.' Any person who then had to do with the airplane was participating in aeronautics.  *  *  *  In the earlier stages of the development of the science or art, everyone connected with it was participating in a dangerous experiment or adventure, and there was no place about the instrumentalities for any one who was not participating in the venture. But in the last ten or fifteen years, these implements of the air have been developed from the stage of the dangerous experiment to a well-recognized standard

means of passenger transportation. Now, one may know nothing of the science or art, have no interest in the mechanism, and no control over it, but may yet utilize it as a means of transportation. The terms must be considered in the light of these known revolutionary changes and development in the art.

"That this transformation of the airplane and the art or practice of aeronautics from the field of experiment and hazardous adventure has been recognized by some of the insurance companies is evidenced by the fact that they have inserted in their policies, as explanatory of the word 'participation,' the words, 'as a passenger or otherwise,' thus indicating with some degree of certainty what is intended to be included in these terms."

This case—Gregory v. Mutual Life Insurance Co. of New York—was later taken to the Supreme Court of the United States and certiorari denied. 296 U.S. 635, 56 S.Ct. 157, 80 L.Ed. 451.

I have read all of the cases cited by counsel for both parties, and a gradual recession from the position taken by the courts in the early and experimental stage of the art of aviation or aeronautics is apparent, and for the reasons stated in the Gregory case.

I will not take the time to review these later cases, but an excellent digest of them may be found in the opinion of Judge Sanborn in Goldsmith v. New York Life Insurance Company, 8 Cir., 69 F.2d 273, decided in 1934 and that of Judge McDermott in Day v. Equitable Life Assurance Society of United States, 10 Cir., 83 F.2d 147.

The remarks of the court in Gibbs v. Equitable Life Assurance Society of United States, 1931, 256 N.Y. 208, 176 N.E. 144, are particularly pertinent in this connection. There the court held, That the policy, which was issued in 1924, must be construed in the light of conditions then prevailing, indicating thereby that if the policy in question had been of a more recent date that its holding would have been different.

■ In the instant case the policy in question was issued in April, 1934, and is an accident policy,—whereas most of the cases cited by defendant involve the interpretation of double indemnity clauses in life insurance policies and are of a much earlier date,—and for those reasons the policy in this case is entitled to a more liberal interpretation than it would be had it been older or a life policy.

In the Goldsmith case the policy provided that double indemnity was not payable if the insured's death resulted from "engaging, as a passenger or otherwise, in submarine or aeronautic operations." [69 F.2d 275.] The court below was of the opinion that this language excluded from double indemnity coverage accidental death resulting from riding in an aeroplane "as a passenger or otherwise" and the Circuit Court of Appeals affirmed that decision by a divided court. Justice Stone, in his dissenting opinion, however, says: "A person who has no connection with aeronautics except to ride in a plane as a passenger does not actively participate in the operation of that plane and has no connection with any other aeronautic operations. If he is 'engaged' in anything, it is in riding in the plane. A railroad passenger is in no way engaged in railroad operations in any usual sense of such words, and they would never carry that meaning in ordinary communication."

I agree with the reasoning of Justice Stone just quoted and with that of Judge Gardner in the Gregory case, wherein he says, "These companies either intend to insure against accident resulting from the use of the airplane as a means of transportation, or they do not, and it is only fair that if they do not intend to include such hazards that it should be made so clear that a person of ordinary intelligence on reading the contract offered will readily understand that such hazard is not covered."

■ I want to point out also that the word "participate" in its proper sense means "to take part in". In fact, when properly construed it means to take an active part in, and, as pointed out by some of our courts, is synonymous with

"engaged in" or "being an active part of." This is apparent from the etymology of the word. The word "participate" comes from the Latin words "pars"—"a part", and "capio", —"to take". Therefore meaning "to take part" in as an active participant. See 31 Words & Phrases, Perm.Ed., p. 132.

I therefore conclude that the language used in the policy in question, viz., "This policy does not cover death, disability or loss sustained * * * or * * * received because of or while participating in aeronautics", does not, properly construed, include a passenger on a transport aeroplane.

As pointed out in the beginning, to say that one was injured "because of or while participating in aeronautics" is merely the equivalent of saying "because of participating in aeronautics" or "while participating in aeronautics," and in neither event can the insured be said to have been injured "because of participating in aeronautics" or "while participating in aeronautics" as that language is now construed by our courts in the later and, as I think, better considered cases. Many of our state courts of last resort have also adopted this modern and more liberal interpretation of these contracts. See particularly Missouri State Life Ins. Co. v. Martin, 188 Ark. 907, 69 S.W.2d 1081, and the large number of cases cited in the footnote of Day v. Equitable Life Assurance Society of United States, 10 Cir., 83 F.2d at the bottom of page 149, and the digest of cases on this subject in 69 A.L.R. 331, 332.

It follows that the demurrer of the defendant must be overruled, and it is so ordered.