MARTIN *v.* MUTUAL LIFE INSURANCE COMPANY OF NEW YORK.

4-3463

Opinion delivered May 21, 1934.

J. *Ford Smith* and *W. J. Dungan*, for appellant.

*Frederick L. Allen* and *Rose, Hemingway, Cantrell & Loughborough,* for appellee.

JOHNSON, C. J. This appeal involves the construction of the following exemption contained in the double indemnity clause of a life insurance policy issued by appellee as insurer upon the life of George W. Martin, deceased, in which Susie J. Martin, appellant, was designated as beneficiary, to-wit:

"The double indemnity will be payable upon receipt of due proof that the insured died as a direct result of bodily injury effected solely through external, violent and accidental means, independently and exclusively of all other causes, and of which, except in the case of drowning or asphyxiation, there is evidence by a visible contusion or wound on the exterior of the body, and that such death occurred within ninety days after the date of such injury; provided that the double indemnity shall not be payable if death resulted from self-destruction, whether sane or insane, or from military or naval service in time of war, or from any act incident to war, or from engaging in riot or insurrection, or from committing an assault or felony, or from participation in aeronautics, or directly or indirectly from disease or bodily or mental infirmity."

The insured was instantly killed when the airplane, in which he was an invited guest, crashed and struck the ground while navigating the air between Augusta, Arkansas, and St. Louis, Missouri.

The facts and circumstances of the crash and the death of the insured are identical with those narrated in *Missouri State Life Insurance Company* v. *Martin,* 188 Ark. 907, 69 S. W. (2d) 1081, and reference is here made thereto.

The exemption here employed by the insurer "or from participating in aeronautics" differs only from the exemption contained in *Missouri State Life Ins. Co.* v. *Martin, supra,* as follows: "Or for participation in

aviation or submarine operations'' by the elimination of the word ''operations.''

It is true that the opinion in *Missouri State Life Ins. Co.* v. *Martin, supra,* was put upon the ground that the use of the word ''operations'' limited the meaning and effect of the word ''participation'' which preceded it, and, when thus construed, conveyed the definite meaning and effect of not exempting the insurer from liability as against an invited guest riding in an airplane. The opinion as thus construed is not in conflict with any other case which has been called to our attention in briefs. When the word ''operations'' is eliminated, however, a very different case is presented and must be decided as of first impression by us. In *Missouri State Life Ins. Co.* v. *Martin, supra,* although stated as *dictum,* we said as a concurring basis of the opinion and the conclusion thereafter determined that: ''The distinction thought by the courts to exist between 'engage in aeronautics' and 'participation in aviation' may be apparent to, and approved by, those learned in the niceties of the language and accustomed to its precise use, but it is to be doubted whether these hair-splitting and subtle distinctions would occur to, or be understood by, the majority of the thousands of persons who seek insurance against the many hazards to life and limb which are likely to occur to the most prudent and fortunate. Words and phrases used in insurance policies should be construed by their meaning as used in the ordinary speech of the people, and not as understood by scholars.

''It might well be imagined that if the average tradesman, artisan, or farmer, although he had many times taken passage on a railroad train and intended again soon to do so, if asked if he had participated, or intended to participate, in railroading, would at once answer, 'No'; and if then asked if he had engaged in, or intended to engage in railroading, would reply, 'I have just told you, No.' It might well be assumed that to his mind the word 'participate' in the connection used in the question would imply some action, some 'taking part in' the movement of the trains, the upkeep of the property, or manage-

ment of its business. He likely would not think that by the question was meant to learn if he had, or intended merely 'to have, enjoy, or share in common with others' the privilege of being transported as a passenger on the lines of railway companies.

"It is interesting, however, to note that, in these cases and others which discover a distinction between 'engaged in' and 'participate in,' the courts, when they abandon the role of the 'precisian' and discuss the case in the language of the ordinary person, sometimes use the words 'engaged' and 'participate' or 'participation' as conveying a similar idea. In the case of *Peters* v. *Prudential Ins. Co., supra,* [233 N. Y. S. 500] in discussing the word 'engaged,' the court said: 'It gives the impression of participation as an occupation.' In *Benefit Ass'n* v. *Hayden, supra,* [175 Ark. 565, 299 S. W. 995] the court found for the beneficiary, saying: '* * * The proper construction of those words (engaged in) is that actual employment or participation was contemplated, and not 'merely riding as a passenger.' This case followed the case of *Benham* v. *Insurance Co.,* 140 Ark. 612, 217 S. W. 462, 463, where the court defined the word 'engaged' as denoting action, thus: 'It means to take part in.' This is precisely one of the meanings of the word 'participate' which is apparent from the etymology of the word; 'participate,' a word coming from the Latin words 'pars,' a part, and 'capio,' to take, therefore meaning to take part in. 6 Words and Phrases, First Series, 5185.

"As defined by the leading lexicographers, 'aviation' is a more exact and specific term than 'aeronautics,' and means 'the art or science of locomotion by means of aeroplanes.' Webster. It might appear that, if aviation is the science of locomotion by aeroplane and the word 'participate' means 'to take part in,' the phrase 'participate in aviation' would connote an active share in its management; as, where a person would actually pilot a plane himself, or, as in the case of *First National Bank* v. *Phoenix, supra,* where he owned the plane and had authority to, and did, direct the pilot as to when he should make

the flight. It would seem that this interpretation of the phrase 'participate in aviation' is not wholly unjustified.''

After the most careful consideration of all the cases cited, we now conclude that the reasoning employed by us in *Missouri State Life Ins. Co.* v. *Martin, supra,* although *dictum* when pronounced, is sound and logical and is aptly applicable to the language employed in the exemption clause in the instant case.

We grant that our conclusion thus announced seems to be in conflict with respectable authority on this question, but such must be the inevitable result so long as courts think and act independently of each other. The insurer had full power and opportunity to exempt itself from liability beyond any question, cavil, or doubt had it elected so to do. It must have known that the average purchaser of life insurance would not expect exemption from liability merely because he took passage as an invited guest upon one isolated trip by airplane. As stated by us in *Missouri State Life Ins. Co.* v. *Martin, supra,* ''participate'' does not connote to the average person the meaning that his mere presence is sufficient to participate or engage in such art or occupation. On the contrary, he would be warranted in concluding that the word ''participate'' has the meaning and effect of ''engage in'' and other words of similar import and meaning.

In this view of the situation here presented, the contract of insurance was ambiguous and susceptible to more than one reasonable construction, and the one most favorable to the insured should be adopted. *Travelers' Protective Ass'n* v. *Stephens,* 185 Ark. 660, 49 S. W. (2d) 364; *National Life Ins. Co.* v. *Whitfield,* 186 Ark. 198, 53 S. W. (2d) 10; *Gits* v. *N. Y. Life Ins. Co.,* (C. C. A.) 32 F. (2d) 7; *Charette* v. *Prudential Ins. Co.,* (Nov. 11, 1930) 212 Wis. 470, 232 N. W. 848.

For the error indicated, the cause is reversed and remanded.