LORETTA M. MURPHY, Appellee, v. NEW YORK LIFE INSURANCE COMPANY, Appellant.

No. 42848.

FEBRUARY 12, 1935.

Milchrist, Schmidt & Marshall, for appellant.

John D. Beardsley and Wallace W. Huff, for appellee.

MITCHELL, J.—The New York Life Insurance Company issued a policy of insurance to Loretta Murphy on the 19th day of July, 1926. The policy provided that in case of death of the insured her beneficiary would receive $2,000, and it further provided that, in case of permanent and total disability, the company would waive the premium and would pay her the sum of $20 per month. The premiums were duly paid by the insured up until the premium which became due on the 10th day of October, 1933, which was not paid. On the 7th day of November, 1933, the insured became totally and permanently disabled.

The policy contained a grace provision that "if any premium is not paid on or before the day it falls due, the policy holder is in default; but a grace of one month (not less than thirty days) will be allowed for the payment of every premium after the first, during which time the insurance continues in force. If death occurs within the period of grace the overdue premium will be deducted from the amount payable hereunder."

Within the 30-day grace period, to wit: on the 7th of November, 1933, the insured became totally and permanently disabled. Proof of disability of the insured was duly furnished the insurance company, but the company refused to make payments in accordance with the provisions of the policy, and the insured was forced to commence suit to recover the benefits under her policy.

To the petition which was filed the insurance company filed a demurrer, in which it set up:

"That the facts stated in the amended and substituted petition do not entitle the plaintiff (appellee) to the relief demanded for the reason that said petition shows on the face thereof that plaintiff was in default for nonpayment of premium on October 10, 1933, and that said policy provides for no disability benefits unless such disability occurred before default in payment of premium, said policy providing, under section entitled 'total and permanent disability':

" 'Upon receipt at the company's home office, before default in payment of premium, etc.,' and again:

" 'In the event of default in the payment of premium after the insured has become totally disabled', and said amended petition shows on the face thereof that such disability occurred after default in payment of premium, and that said default in payment of premium was before the insured became totally disabled."

The lower court overruled the demurrer of the insurance company, and the company elected not to plead further and to stand on its demurrer. Judgment was entered against it for the amount sued for, and from said ruling and judgment the insurance company has appealed to this court.

There is but one question that confronts us in this case. The policy sued upon contains the grace provision as above set out. It is the contention of the insurance company that the grace period provided for in the policy simply granted an extension of time during which the policy would remain in force, but that during the grace period the provision in the policy covering the payment of permanent and total disability did not apply. In other words, the company admits that it would have been liable in this case had the insured died on the 7th day of November, 1933, but, that, since she only became totally and permanently disabled on that day, there was no liability under the policy to pay the amounts provided for in case of total and permanent disability.

It must be kept in mind that the policy provides, among other things, for:

"Waiver of premium. The company will waive the payment of any premium falling due during the period of continuous total disability.

"Income Payments. In the event of default in payment of premium after the insured has become totally disabled, the policy will be restored and the benefits shall be the same as if said default had not occurred, provided due proof   *   *   *   is received by the company not later than six months after said default."

Courts have continually repeated, so that all may know, including insurance companies, that narrow and unreasonable interpretations of clauses in insurance polices are not favored. The contract of insurance is prepared by the insurance company, and will be construed against the insurer and in favor of the insured so as to give the insured all possible benefits under the policy. In the case at bar, the policy provides for a grace period of one month, not less than thirty days. During that period of time, if death occurs, the company is liable. But the company says that "during that period of time we are not liable for the benefits provided for in case of permanent and total disability." The premium which the company collected was in one amount, and that

contained the charge for the total and permanent disability clause. The provision in the policy is that the insured is given thirty days to pay the premium, not part of the premium, but the whole premium provided for in the contract. It then provides that "during which time the insurance continues in force". What insurance? Just that part covering the death benefits? Or the part covering the disability benefits? The company did not state which part of the insurance remained in force, but states in the policy that "the insurance continues in force". That must be construed to mean both the death benefit and the disability benefit. The policy further provides that in case of total and permanent disability the company will waive the premium falling due during the period of continuous total disability. We are not confronted in this case with the question of whether or not there was permanent and total disability. We are confronted with a single question: as to whether or not this grace period applies to the provision of the contract covering total and permanent disability as well as to the provision covering the liability in case of death.

In a recent decision by the Circuit Court of Appeals for this circuit, that court was confronted with the same identical question which is now before this court. In the case of Minnesota Mutual Life Ins. Co. v. Marshall, reported in 29 F. (2d) 977, at page 978, that court said:

"If the insured had died during the grace period of his policy, without the payment of the premium which fell due October 14th, no question would be raised as to the right of his beneficiary to recover. Why should a different rule be applied when a disability during the grace period is sustained which renders him totally and permanently disabled? To give the insured the full benefit of his policy, and carry out the intention which was doubtless in the minds of the contracting parties when the policy was writtten, his policy should not be allowed to forfeit where his disability occurs during the grace period of his policy and continues until his death. Any other construction would be a harsh one and deprive him of a right for which he had paid the insurance company, and which he could only enjoy by employing in advance some agent to protect for him. Why so construe this disability clause in insurance policies as to make it worthless in many cases? Death benefits are good for thirteen months, and are fixed as of the date of death. Why should not the disability benefits be good for the same length of time,

and begin as of the date of the disability? This is not an unreasonable and strained construction, and would be more in keeping, perhaps, with the representations made at the time of writing the insurance policy. The same measure of protection should be extended to the insured during the thirteenth month that he admittedly has during the other twelve months."

Contracts of insurance should not be construed through the magnifying eye of a technical lawyer, but rather from the standpoint of what an ordinary man would believe the contract to mean. The insurance company wrote this contract. It could have stated in this contract specifically that the disability clause would not apply during the thirty-day grace period. It did not see fit to do so. Why there should be a distinction between the time that the death benefit would be good and the time that the disability benefit would be good is hard to understand. We are impressed with the quotation from the decision of the Eighth Circuit Court of Appeals, above quoted, and especially with that part of the quotation in which that court stated:

"This is not an unreasonable and strained construction, and would be more in keeping, perhaps, with the representations made at the time of writing the insurance policy. The same measure of protection should be extended to the insured during the thirteenth month that he admittedly has during the other twelve months."

There can be no question but that under any fair interpretation of the contract which this insurance company wrote, it is liable to the insured for the benefits which the insured is now seeking to recover. The lower court was right in overruling the demurrer, and judgment and decree of the lower court must be, and it is hereby, affirmed.

ANDERSON, C. J., and KINTZINGER, POWERS, HAMILTON, DONEGAN, and RICHARDS, JJ., concur.