MATTIE CHAPPELL *v.* COMMERCIAL CASUALTY INSURANCE
COMPANY

(No. 8754)

Submitted May 10, 1938. Decided June 14, 1938.

*Richardson & Kemper,* for plaintiff in error.
*Sanders & Day,* for defendant in error.

HATCHER, JUDGE:

An accident insurance policy excluded any disability
sustained by the insured "while participating in aeronau-
tics." The insured was killed in an airplane accident, on
a flight as guest passenger. The circuit court adjudged
that the policy exclusion did not apply to this fatality.

The insurance company relies on the pioneer case of
*Bew* v. *Ins. Co.,* (1921) 95 N. J. L. 533, 112 Atl. 859, 14
A. L. R. 983, and several later cases which follow it. The
*Bew* opinion reasoned in this manner: The flight of an
airplane is aeronautical; a passenger participates in the
flight; therefore, he participates in aeronautics. The
opinion would expose "the speciousness" of contention to
the contrary by showing that a rear coaster on a sled

would be participating in tobogganing; a passenger in an automobile would be participatng in automobiling; and a guest on a boat would be participating in boating. The verb *toboggan* is defined "to coast on a toboggan"; the verb *automobile,* "to ride or travel in an automobile"; and the verb *boat,* "to go in a boat". Thus, by express definition those words mean to participate in locomotion, and are not at all analogous to the word "aeronautics", which does not have that meaning in common with them.

The word "aeronautics" has been variously defined. The New Century Dictionary terms it, "The science or art of aerial navigation." This would seem to be a fair lexigraphic composite. The flight of an airplane is the achievement of this science and art—the flight being the effect and science and art the cause. The flight itself is not science or art, as an effect cannot be its own cause. Just as a painting is not art, but a work of art, the flight is not aeronautics, but the work of aeronautics. The flight is aeronautical in that sense, only. The verb "participate" is defined by the same dictionary "To take or have a part or share in." The word denotes either active or passive sharetaking, and having a double meaning, is patently ambiguous. This ambiguity was not given significance in the *Bew* case. A mere passenger has no part in the art of the aeronaut and does not study, apply, or advance the science of aerial navigation. The passenger takes no active participation in that art or that science at all; he simply profits by what they accomplish. Consequently, so far as the definition of the word "participating" implies activity, a passenger does not participate in aeronautics. A notable opinion so holding is that in *Gregory* v. *Ins. Co.,* 78 Fed. (2d) 522, which, after reference to an article on aeronautics in Ency. Brit. (14th Ed.), proceeds as follows: "It would not occur to one reading this article on aeronautics that a passenger on a modern passenger airplane was participating in aeronautics. He is not interesting himself in a single one of the topics discussed in the article referred to; he is making no research, no investigation, no experiment; he has no

control of the machine, and not even any power of communicating with the pilot. Those who ride the plane for some purpose connected with its operation, as for observation or inspection, or for making tests or experiments, may well be indulging in some branch or activity connected with aeronautics; but one who rides the plane for the sole purpose of going some place, of being transported by it as a passenger, is not, we think, in the absence of specific words requiring such construction, participating in aeronautics. He does not belong to the same craft or class as those skilled artisans who participate in the construction, management or operation of the airplane."

The word "participate" may, of course, be used passively, and upon this use the *Bew* decision was predicated. If so used regarding an airplane passenger to much greater extent than to a passenger on some other popular means of transportation, we are not advised. Air mail, though inanimate, is a passive participant in aerial navigation to the same extent as the air passenger, though animate; yet the mail is not commonly thought of as participating in aeronautics. Some do regard the passenger as so participating; others do not. This division is well demonstrated by the variant judicial decisions on the phrase in question. Such division subjects even the passive significance of the phrase to practical ambiguity. This has been recognized by some insurance companies, who avoid it by wording the exclusion in this or like manner: "participating in aeronautics, as a passenger or otherwise." See *Beveridge* v. *Ins. Co.*, 120 W. Va. 256, 197 S. E. 721, decided coincidently herewith. Since the words "participating in aeronautics", unqualified, are definitionally ambiguous, the insured is entitled to have them construed as referring only to active participation. "Provisions of the contract (insurance) limiting or avoiding liability will be construed strictly against the insurer, and generally all ambiguity will be resolved against the insurer." Cooley, Briefs on Insurance (2d), p. 981. Accord: *Beard* v. *Ins. Co.*, 65 W. Va. 283, 64 S. E. 119. The

following decisions, holding the phrase ambiguous, have construed it not to refer to a mere passenger. *Gregory* v. *Ins. Co., supra; Martin* v. *Ins. Co.,* 189 Ark. 291, 71 S. W. (2d) 694; *Bayersdorfer* v. *Ass'n.,* 20 F. Supp. 489; *Mutual Ben. Ass'n.* v. *Moyer,* 94 Fed. (2d) 906.

The judgment is affirmed.

*Affirmed.*