LUCY WAGNER BEVERIDGE *v.* JEFFERSON STANDARD
LIFE INSURANCE COMPANY

(No. 8775)

Submitted May 19, 1938.   Decided June 14, 1938.

*Crockett & Tutwiler,* for plaintiff in error.
*Sale, St. Clair & Sale,* for defendant in error.

MAXWELL, PRESIDENT:

This writ of error presents for review the trial court's
judgment for the defendant on a double indemnity clause
of a life insurance policy which the defendant issued in
1927 to Kate Beveridge Chappell, daughter of the plain-
tiff.   The parties waived a jury.

The insured lost her life October 25, 1936, while a
guest passenger in an airplane which crashed to the
ground.

The double indemnity clause is not applicable *"in case
death results * * * from engaging in aeronautic or sub-
marine operations, either as a passenger or otherwise."*

The sole problem is whether the fatality of the insured

is covered by the double indemnity clause, or whether, by reason of the quoted exception, there is no double liability.

In considering this subject, effort has been made to collate the cases dealing with accidents, fatal and nonfatal, which have befallen passengers in airplanes, there being involved the question of liability under personal insurance carried by the parties injured or killed.

We here first set forth cases wherein recovery was upheld by the reviewing courts: *Benefit Ass'n. Ry. Employees* v. *Hayden*, 175 Ark. 565, 299 S. W. 995, 57 A. L. R. 662, involved a life policy which did not cover injury received by insured *"while engaged in aeronautics or under water navigation."* *Masonic Acc. Ins. Co.* v. *Jackson*, 200 Ind. 472, 164 N. E. 628, 61 A. L. R. 840; an accident policy involving exemption of indemnity if death or injury resulted to insured *"while engaged in aviation or ballooning."* *Peters* v. *Prudential Ins. Co.*, 133 Misc. 780, 233 N. Y. S. 500; an accident policy exempting the insurer of liability if death resulted *"from having been engaged in aviation or submarine operations or military or naval service in time of war."* *Gits* v. *New York Life Ins. Co.*, 32 Fed. (2d) 7; double indemnity clause not operative if insured's death resulted *"from engaging in submarine or aeronautic operations."* *Price* v. *Prudential Ins. Co.*, 98 Fla. 1044, 124 So. 817; an accident policy whereunder no death benefits should be paid if death resulted *"from having been engaged in aviation or submarine operations."* *Charette* v. *Prudential Ins. Co.*, 202 Wis. 470, 232 N. W. 848; extra indemnity for accidental death was excluded if death resulted *"from having been engaged in aviation or submarine operations or in military or naval service in time of war."* *Missouri State Life Ins. Co.* v. *Martin*, 188 Ark. 907, 69 S. W. (2d) 1081; double indemnity clause not effective if insured's death resulted from injuries received *"from participation in aviation or submarine operations."* *Martin* v. *Mutual Life Ins. Co.*, 189 Ark. 291, 71 S. W. (2d) 694; double indemnity clause excluded liability thereunder if death

resulted from *"participation in aeronautics."* *Gregory* v. *Mutual Life Ins. Co.,* 78 Fed. (2d) 522; double indemnity clause not applicable where death resulted from *"participation in aeronautics."* *Bayersdorfer* v. *Mass. Protective Ass'n.,* 20 Fed. Supp. 489; an accident policy which excluded indemnity for death *"sustained as the result of participation in aviation, aeronautics or subaquatics."* *Mutual Benefit Health & Accident Ass'n.* v. *Moyer,* 94 Fed. (2d) 906; an accident policy which contained a provision that it "does not cover death, disability, or other loss \* \* \* *received because of or while participating in aeronautics \* \* \* ."*

From these cases, it is noted that emphasis has been laid on these thoughts: (a) " 'Engaged' means to carry on, to conduct, to employ one's self, and does not relate to a single act. To say that one is engaged in a thing is to say that the act is continuous." (b) " 'Participate' does not connote to the average person the meaning that his mere presence is sufficient to participate or engage in such art or occupation (aeronautics)." (c) That a clause of the kind discussed in the above cases "means that the death of the insured must have resulted from having taken part in aviation operations other than by merely being in an airplane when it fell \* \* \* ." (d) "Participating in aeronautics" does not include a passenger. (e) That if by such clauses, insurers intend to exclude passengers in airplanes, the clauses should be so framed as to make that intent clear. (f) That at the very least, such clauses are ambiguous and should consequently be resolved favorably to the insured.

There falls within the foregoing group and class of cases our concurrently decided case of *Mattie Chappell* v. *Commercial Casualty Ins. Co.,* 120 W. Va. 262, 197 S. E. 723, in which we upheld recovery. Therein was involved an accident policy which did not cover "any disability, fatal or non-fatal, sustained by the insured while engaged in war, *or while participating in or in consequence of having participated in aeronautics. \* \* \* ."*

In contrast with the foregoing cases allowing recovery,

there is a line of cases, involving different phraseology, wherein recovery has been denied. The cases follow: *Pittman* v. *Lamar Life Ins. Co.,* 17 Fed. (2d) 370. This was a life policy which contained this clause: "If the insured shall die within two years from date of issue of this policy, while *participating or as a result of participation in any submarine or aeronautic expedition or activity, either as a passenger or otherwise,* the liability of the company under this policy shall be limited to the cash premiums paid hereon and no more." *Head* v. *New York Life Ins. Co.,* 43 Fed. (2d) 517; a double indemnity clause which excluded liability "if the insured's death resulted * * * from *participation as a passenger or otherwise in aviation or aeronautics.*" *Gibbs* v. *Equitable Life Assur. Soc.,* 256 N. Y. 208, 176 N. E. 144; a double indemnity clause which excluded liability if death of insured was caused *"by engaging as a passenger or otherwise in submarine or aeronautic expeditions.*" *Goldsmith* v. *New York Life Ins. Co.,* 69 Fed. (2d) 273; a double indemnity clause, by its terms, not applicable if insured's death resulted *"from engaging, as a passenger or otherwise, in submarine or aeronautic operations.*" *Mayer* v. *N. Y. Life Ins. Co.,* 74 Fed. (2d) 118, 99 A. L. R. 155; the double indemnity clause provided that it should "not apply if the Insured's death resulted * * * *from engaging, as a passenger or otherwise, in submarine or aeronautic operations.*" *Christen* v. *New York Life Ins. Co.,* 19 Fed. Supp. 440; double benefit clause excluded indemnity thereunder if death of the insured resulted from *"engaging, as a passenger or otherwise, in aeronautic operations.*" A highly pertinent thought underlying these cases is thus expressed by the court in the *Mayer* case: "It is in fact difficult to conceive of any way in which one could engage 'as a passenger' in aeronautic operations except by simply riding in a plane."

The cases appearing in this latter group are entirely harmonious and consistent with one another, and, in our opinion, are clearly distinguishable from the cases appearing in the group first above herein set forth.

In the case at bar, liability under the double indemnity clause is excluded if death results from *"engaging in aeronautic or submarine operations, either as a passenger or otherwise."* The employment of the phrase, "passenger or otherwise", in our judgment, unequivocally places this case within the principles and enunciations of the above stated second group of cases.

There are a few cases within this general order which we are unable to accept as precedents. They follow here. In *Provident Trust Co.* v. *Equitable Life Assur. Soc.*, 316 Pa. 121, 172 Atl. 701, recovery was upheld under a double indemnity clause which, by its terms, was not to apply if death resulted from *"engaging as a passenger or otherwise in submarine or aeronautic expeditions."* Also, there was recovery in the case of *Day* v. *Equitable Life Assur. Soc.*, 83 Fed. (2d) 147, though the double indemnity clause excluded liability thereunder if death was *"the result of or be caused directly or indirectly * * * by engaging as a passenger or otherwise in submarine or aeronautic expeditions."* Likewise, recovery was had in *Equitable Life Assur. Soc.* v. *Dyess*, 194 Ark. 1023, 109 S. W. (2d) 1263; double indemnity clause which excluded indemnity for death caused directly or indirectly by *"engaging as a passenger or otherwise in submarine or aeronautic expeditions or operations."* In each case the insured was killed while a passenger in an airplane. With all deference to the distinguished courts which rendered those three decisions, we think the cases properly belong within the classification of group two, and that there should therefore have been denial of recovery in each of them. Then there is the early case of *Bew* v. *Travelers' Insurance Company*, 95 N. J. L. 533, 112 Atl. 859, 14 A. L. R. 983, involving an accident policy wherein there was a clause which exempted the insurer from liability for "injuries fatal or non-fatal, sustained by the insured *while participating in or in consequence of having participated in aeronautics."* Recovery was disallowed in that case. Again with deference, we entertain the view that tha'

case properly falls within the above classification of cases wherein recovery has been upheld.

There is another case, standing alone, which we approve, though its classification comes about, not because of the phraseology of the excluding portion of the double indemnity clause, but because of the peculiar facts involved. The case is *First Nat. Bank of Chattanooga* v. *Phoenix Mutual Life Ins. Co.,* 62 Fed. (2d) 681. In the policy involved in that case, benefits under the double indemnity clause were excluded if death of the insured resulted *"directly or indirectly, wholly or partly * * * from participation in aeronautic operations."* The deceased having been killed in an airplane crash, recovery was denied under the double liability, though the quoted language would seem to place the case within the group permitting recovery. The facts, however, explain the apparent divergence. Insured was president of an airplane company engaged in operating planes, and was active in directing its affairs. On the day of his death, he, a physician, and the pilot of the plane were en route to Florida where insured's wife was ill. All were killed in a crash. The trip was undertaken under the insistence of the insured, though the pilot protested that weather conditions were unsuitable, and he therefore thought the attempted flight was ill-advised. The court said: "Though the insured was not personally piloting the plane, the venture was his, initiated and undertaken solely for his purposes. He owned the plane, employed a pilot to operate it, determined whether weather conditions would permit of the flight and when it should be made. * * * One who interposes and enforces his judgment in matters so vital as these to the flight of an aeroplane is participating in aeronautic operations."

In the light of all which herein precedes, we are of opinion that the trial court correctly decided the case at bar. Therefore, we affirm the judgment.

*Affirmed.*