MYRTLE L. KING, Appellee, v. EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant.

No. 46077.

OCTOBER 20, 1942.

Henry & Henry, of Des Moines, for appellant.

Albert V. Hass, of Chariton, and Elton A. Johnston, of Corydon, for appellee.

OLIVER, J.— The policy, issued in 1923, provides for double indemnity in case of accidental death, "subject to the terms and conditions contained on the third page hereof." Said terms and conditions, material to this case, are:

" * * * provided that death * * * shall not be * * * caused * * * by engaging as a passenger or otherwise in submarine or aeronautic expeditions."

On October 30, 1941, insured met his death in the crash of a plane of Northwest Airlines, Inc., in which he was traveling as a fare-paying passenger between Chicago, Illinois, and Fargo, North Dakota, along one of the regular routes of travel of said airlines. Upon previous occasions insured had traveled as a passenger upon planes of said airlines between Fargo and other cities. In the language of appellant, the sole question involved in this case is whether the death of the insured while a fare-paying passenger on a commercial airline was the result of his engaging as a passenger in an aeronautic expedition.

Appellant asserts the language of the policy should be interpreted as of the date it was issued. We think the date is here immaterial. Although there was a tremendous increase in the volume of aviation between 1923 and 1941, there was no basic change in this means of transportation. Nor was there variance in the meaning of the words "aeronautic expedition." All authoritative definitions of the word "expedition" are substantially the same as that found in Webster's New International Dictionary of 1925, which defines it as:

" * * * 3. An important journey or excursion for a specific purpose; as, a military or exploring *expedition*; also, the body of persons making such an excursion."

An expedition connotes a journey by several persons, or a body of persons. The word does not ordinarily comprehend an excursion by one person. Nor does the fact that a journey may be hazardous or unusual ripen it into an expedition. In that connection, it may be observed that perhaps most members of appellate courts have found less occasion to travel by air than have many other persons.

The rule is well settled that if insurance contracts are clear and unambiguous, their terms are to be taken and understood in their plain, ordinary, and popular sense. Imperial Fire Ins. Co. v. Coos County, 151 U. S. 452, 14 S. Ct. 379, 38 L. Ed. 231; Lamar v. Iowa State Traveling Men's Assn., 216 Iowa 371, 249 N. W. 149, 92 A. L. R. 159. It has never been the popular conception that the employment of the speediest type of commercial transportation converts a mere trip or journey into an expedition.

The insurance policy, prepared by appellant, could have provided in plain language against liability for double indemnity for death from this cause. It did not so provide. See Murphy v. New York Life Ins. Co., 219 Iowa 609, 613, 258 N. W. 749, 751. We are satisfied the trial court was correct in allowing recovery under the double-indemnity clause.

This is the conclusion reached by the majority of cases which have passed upon the language here involved. Equitable Life Assur. Soc. v. Dyess, 194 Ark. 1023, 109 S. W. 2d 1263; Day v. Equitable Life Assur. Soc., 10 Cir., 83 F. 2d 147; Provident Trust Co. v. Equitable Life Assur. Soc., 316 Pa. 121, 172 A. 701.

The only contrary holding called to our attention is Gibbs v. Equitable Life Assur. Soc., 256 N. Y. 208, 176 N. E. 144. With due respect to that court, we are unable to agree that the word "passenger" in the clause justifies an unusual construction of the word "expedition." But if there had been a necessary ambiguity or conflict in these words, that conflict should have been resolved against the insurer. Day v. Equitable Life Assur. Soc., supra; Umbarger v. State Farm Mutual Automobile Ins. Co., 218 Iowa 203, 254 N. W. 87.—Affirmed.

SAGER, HALE, MITCHELL, GARFIELD, BLISS, STIGER, and MILLER, JJ., concur.