33309.   SUN LIFE ASSURANCE CO. OF CANADA
*v.* KIESTER.

Decided December 5, 1950.   Rehearing denied December 19, 1950.

*M. D. McLendon, W. Colquitt Carter, Bryan, Carter & Ansley,* for plaintiff in error.

*Lokey & Bowden,* contra.

TOWNSEND, J. (After stating the foregoing facts.) The construction of the exclusion clause of a life-insurance policy, "participating, as a passenger or otherwise, in aviation or aeronautics," is of first impression in this State, although this clause and others almost identical with it have received attention from other courts throughout the country. Two fundamental principles of law of force in this State—first, that policies of insurance, when susceptible of more than one construction, should be most strictly construed against the insurance company (*Atlas Assurance Co.* v. *Lies,* 70 *Ga. App.* 162, 27 S. E. 2d, 791; *Johnson* v. *Mutual Life Insurance Co.,* 154 *Ga.* 653 (2), 115 S. E. 14); and second, that contracts of insurance, like other contracts, should be construed in accordance with the intention of the parties, unambiguous provisions thereof to be given their plain and reasonable intendment (*Aetna Life Insurance Co.* v. *Padgett,* 49 *Ga. App.* 666, 176 S. E. 762; *Penn Mutual Life Insurance Co.* v. *Marshall,* 49 *Ga. App.* 287, 175 S. E. 412)—are recognized in all the cases we have examined construing this and similar clauses in insurance policies. Applying these rules of law in connection with the persuasive authority of the decisions construing these or similar words, it is noted that the trend of modern decisions has followed the increase in volume and safety of air travel, with the result that courts generally have in recent years been inclined to give a stricter construction to aviation-exclusion clauses. The first of these policies used the term, "engaged in aviation or aeronautics," "engaged in aeronautics operation," or "engaged in aeronautic expeditions" or "engaged in aeronautical activity." The word *"engaged"* in such policies has almost uniformly been construed to have an occupational connotation, so

that a mere passenger would not be engaged in an aeronautical expedition or anything of the kind. Recovery by the beneficiary under such policies was accordingly allowed in the following cases: Hartol Products Corp. *v*. Prudential Ins. Co., 290 N. Y. 44 (47 N. E. 2d, 687); Provident Trust Co. of Philadelphia *v*. Equitable Life Assurance Soc., 316 Pa. 121 (172 Atl. 701); National Bank of Commerce *v*. New York Life Insurance Co., 181 Tenn. 299 (181 S. W. 2d, 151); Benefit Assn. of Ry. Employees *v*. Hayden, 175 Ark. 565 (299 S. W. 995, 57 A.L.R. 622); Masonic Accident Ins. Co. *v*. Jackson, 200 Ind. 472 (164 N. E. 628, 61 A.L.R. 840); Gits *v*. New York Life Ins. Co., 32 Fed. 2d, 7; King *v*. Equitable Life &c. Soc., 232 Iowa 541 (5 N. W. 2d, 845); Provident Trust Co. of Philadelphia *v*. Equitable Life Assur. Soc. of the U. S., 316 Pa. 121 (supra); Equitable Life Assur. Soc. *v*. Dyess, 194 Ark. 1023 (109 S. W. 2d, 1263); Day *v*. Equitable Life Assur. Soc. of U. S., 83 Fed. 2d, 147; Price *v*. Prudential Ins. Co., 98 Fla. 1044 (124 So. 817). Some of these cases contained the phrase, "as a passenger or otherwise," in the body of the exclusion clause of the insurance policy; others did not. Recovery under similar clauses was denied in Masonic Accident Ins. Co. *v*. Jackson (Ind. App.) 147 N. E. 156, Ivy *v*. New York Life Ins. Co., 33 Fed. Supp. 841, and National Exchange Bank &c. Co. *v*. New York Life Ins. Co., 19 Fed. Supp. 790. The latter case involved one policy containing the words, *"engaging* in aeronautic operations," and four policies with the words, *"Participation* in aviation or aeronautics," all the policies also containing the phrase "as a passenger or otherwise"; and the court, in denying recovery, held that. the phrase, "as a passenger or otherwise," did away with any ambiguity resulting from the word "engaging," and was intended to cover every person riding in an airplane. It is noted that the remaining four policies involved the same wording as that in the case at bar.

Courts generally, however, while holding that the word *"engage"* had an occupational connotation, at first pressed a technical distinction as to the word *"participate,"* and generally denied recovery under policies containing the words, "participating as a passenger or otherwise in aeronautic activity," "participating as a passenger or otherwise in aeronautic expeditions," and "participating as a passenger or otherwise in aeronautic

operations," following the earlier distinction that *"participation"* might refer to a single transaction or flight, whereas *"engaging"* did not do so. See Bew *v.* Travelers Ins. Co., 95 N. J. Law 533 (112 Atl. 859, 14 A.L.R. 983) ; Pittman *v.* Lamar Life Ins. Co., 17 Fed. 2d, 370; Gibbs *v.* Equitable Life Assur. Soc. of the U. S., 256 N. Y. 208 (176 N. E. 144) ; Head *v.* New York Life Ins. Co., 43 Fed. 2d, 517; First National Bank of Chattanooga *v.* Phoenix Mutual Life Ins. Co., 62 Fed. 2d, 681; Mayer *v.* New York Life Ins. Co., 74 Fed. 2d, 118 (99 A.L.R. 155) ; Goldsmith *v.* New York Life Ins. Co., supra.

More reecnt cases, however, have tended to abandon this technical distinction between the words "engage" and "participation", and also a like distinction between the words "aviation" and "aeronautics." In Martin *v.* Mutual Life Ins. Co., 189 Ark. 291 (71 S. W. 2d, 694), the court held that the words, "participation in aviation or aeronautics," do not cover a mere passenger, stating: "The distinction thought by the courts to exist between 'engage in aeronautics' and 'participation in aviation' may be apparent to, and approved by, those learned in the niceties of the language and accustomed to its precise use, but it is to be doubted whether these hairsplitting and subtle distinctions would occur to, or be understood by, the majority of the thousands of persons who seek insurance against the many hazards of life and limb. . . Words and phrases used in insurance policies should be construed by their meaning as used in the ordinary speech of the people and not as understood by scholars." Having abandoned this technical distinction, the courts allowed recoveries in Martin *v.* Mutual Life Ins. Co., supra; Mass. Protective Assn. *v.* Bayersdorfer, 105 Fed. 2d, 595; Wells *v.* Kansas City Life Ins. Co., 46 Fed. Supp. 754; Swasey *v.* Mass. Protective Assn., 96 Fed. 2d, 265; Temmey *v.* Pheonix Mutual Ins. Co., 72 S. D. 387 (34 N. W. 2d, 833).

Many of the cases just cited do not contain the qualifying clause, "as a passenger or otherwise," which it is argued by the defendant broadens the exclusion and makes it all-inclusive. However, as held in Provident Trust Co. of Philadelphia *v.* Equitable Life Assur. Soc., supra, and Hartol Products Corp. *v.* Prudential Ins. Co., supra, the words, "as a passenger or otherwise," mean simply "anybody and everybody," so that, if the

insured is not participating in aviation or aeronautics, the question of whether or not he is a passenger is immaterial, and, if he is participating in aviation or aeronautics, then he is neither more nor less excluded by reason of being a passenger. In like manner, as held in Swasey v. Mass. Protective Assn., supra, the words "aviation" and "aeronautics" refer alike to the science or art of flying. Therefore, no valid distinction can be drawn from the use of one rather than the other.

In Phoenix Mutual Life Ins. Co. v. Flynn, 171 Fed. 2d, 982, recovery was allowed under the terms of a policy containing the exclusion clause, "death of the insured resulting directly or indirectly from participating in aeronautics, as a passenger or otherwise . . is a risk not assumed by the company." The court held such a policy was at best ambiguous, and stated: "If the insurance company had meant what it now says it meant, the opportunity was at hand when the policy was issued to express its position in plain words. If, for example, it intended to exclude any death resulting from an airplane flight, words of plain import could have been found so that no question could be raised. In the deliberate use of a word or phrase having a well-recognized technical meaning, it is a fair conclusion that the insurer meant that something more must be shown than the mere use, as a passenger, of the facilities of an aeroplane."

The trial court, in a well-considered opinion in which the leading cases on this subject were discussed, followed the Flynn case and overruled the general demurrer to the petition. This judgment is without error.

*Judgment affirmed. MacIntyre, P.J., and Gardner, J., concur.*