Shannon and Lee NICHOLS, Plaintiffs,

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, Defendant.

No. 07–C–0021–C.

United States District Court, W.D. Wisconsin.

Sept. 10, 2007.

John B. Tuffnell, Whyte Hirschboeck Dudek S.C., Milwaukee, WI, for Defendant.

## OPINION and ORDER

BARBARA B. CRABB, District Judge.

In this civil action for declaratory and monetary relief, which was removed from state court, plaintiffs Shannon and Lee Nichols contend that defendant National Union Fire Insurance Company of Pittsburgh, Pa breached an insurance contract and acted in bad faith when it denied disability benefits to plaintiff Shannon

Nichols following a motor vehicle accident that caused her severe injury. Jurisdiction is present under 28 U.S.C. § 1332.

This case is before the court on cross motions for summary judgment. Plaintiffs raise two issues: whether the policy requires "specific total loss" for disability coverage, and, if so, whether this requirement is unenforceable as unconscionable. Defendant raises a third issue, contending that plaintiffs cannot prove their claim that defendant acted in bad faith when it denied disability coverage. Because I conclude the policy requires specific total loss for disability coverage and is not unconscionable, I will grant defendant's motion for summary judgment and deny plaintiffs' motion for summary judgment on these issues. And because plaintiffs have failed to respond to defendant's motion for summary judgment on plaintiff's bad faith claim, I will grant defendant's summary judgment on this issue as well.

The facts in this case are straightforward and largely undisputed. Nonetheless, I have disregarded those proposed findings of fact and responses that constituted legal conclusions, were argumentative or irrelevant, were not supported by the cited evidence or were not supported by citations specific enough to alert the court to the source of the proposal. From the parties' proposed findings of fact, I find the following facts to be material and undisputed.

## UNDISPUTED FACTS

### A. *Parties*

Plaintiffs Shannon and Lee Nichols are citizens of Wisconsin, residing in Poynette, Wisconsin. (Although defendant failed to establish plaintiffs' citizenship when it removed the case to this court, it remedied the omission in response to this court's order.) National Union Fire Insurance Company of Pittsburgh, Pennsylvania is an insurance company licensed to sell acci-

dent and disability insurance in Wisconsin, with its principal place of business in New York City. National Union is incorporated in the state of Pennsylvania. (Defendant has not explicitly indicated its state of incorporation, but has stated that it is a citizen of the states of Pennsylvania and New York, and its website states that defendant "was incorporated under the laws of Pennsylvania." http://www.aignational union. com/nationalunion/public/natabou-tus/0,2136,401,00.html (last visited Aug. 29, 2007).)

### B. *Insurance Coverage*

Defendant issued an Accident Insurance Policy to plaintiffs that became effective July 1, 2003. The policy provided for different coverages, including $35,000 for "Accidental Death"; $1,000,000 for "Accident Medical Expense"; $100,000 for "In-hospital Indemnity"; and $250,000 for "Permanent Total Disability." The policy defined "permanent total disability" as follows:

PERMANENTLY TOTALLY DIS-ABLED/PERMANENT TOTAL DIS-ABILITY-as used in this Description of Coverage, means:

1. That the Insured Person has suffered a Permanent Total Loss of Use of:

a. both hands or feet; or

b. one hand and one foot; or

c. sight in both eyes; or

d. hearing in both ears; or

e. the ability to speak;

2. the Insured Person is permanently unable to perform the material and substantial duties of any occupation for which he or she is qualified by reason of education, experience or training; and

3. the Insured Person is under the continuous care of a Physician unless the

Insured Person has reached his or her maximum point of recovery.

Plaintiffs' policy included a cover letter describing its coverage. The letter included a warning to "please read this description of coverage carefully," a toll-free number to call with questions and a clause allowing an insured to return the policy to the company for a refund of premiums and an annulment of benefits. In addition, the description of coverage included a warning that the policy

provides ACCIDENT–ONLY coverage. It does NOT provide basic hospital, basic medical, major medical or sickness coverage. The Policy provides limited benefits which are supplemental and are not intended to cover all medical expenses. The Policy does not provide automobile liability insurance coverage.

Plaintiff Shannon Nichols was eligible for coverage as a customer of Chase Mortgage, and paid a monthly premium of $21.90 for the coverage.

On June 5, 2004, an intoxicated driver crossed the centerline of Highway J in Columbia County and hit the vehicle in which plaintiff Shannon Nichols was a passenger. Plaintiff was seriously injured in the accident and was hospitalized from June 5, 2004 until July 28, 2004. On July 13, 2005, plaintiff's treating physician concluded that plaintiff was permanently disabled under paragraphs (2) and (3) of the policy definition of permanent total disability. On September 7, 2006, another physician concluded that plaintiff was still permanently disabled under paragraphs (2) and (3). Plaintiff continues to undergo treatment for injuries caused by the accident.

After the accident, plaintiffs filed a claim for in-hospital indemnity and permanent total disability benefits. On February 17, 2005, defendant wrote to plaintiffs regarding the claims. In this letter, defendant included the definition for "permanent to-tal disability," reworded to include the word "and" between the first and second paragraphs.

Defendant paid the $100,000 in-hospital indemnity benefits, but denied permanent total disability coverage, maintaining that plaintiff had to meet all three paragraphs of the policy definition of "permanent total disability."

The parties have stipulated that plaintiff Shannon Nichols does not meet the requirements of the first paragraph contained in the definition of permanent total disability.

## OPINION

### A. *Defendant's Untimely Filing*

As a preliminary matter, plaintiffs have argued that this court should not consider defendant's response brief because it was filed three days after the deadline set by the court. Defendant argues that it should be entitled to three additional days under Rule 6(e) of the Federal Rules of Civil Procedure for serving plaintiffs electronically. I refer defendant to the preliminary pretrial conference order, which requires the parties to file and serve responses to dispositive motions within 21 calendar days of service of the motion and states explicitly that "[a] party is not entitled to additional time under Rule 6(a) or Rule 6(e) to file and serve documents related to a dispositive motion. The parties may not modify this schedule without leave of court." PPTC Order, dkt. # 8, at 2–3.

Although defendant's response brief was untimely, two of those three days were not business days and plaintiffs have suffered no prejudice as a result of the minor delay. Therefore, I will consider the defendant's response brief. Although this court expects parties to adhere strictly to deadlines, it nonetheless endeavors to avoid the glorification of form over substance.

### B. *Choice of Law*

The parties have assumed in their briefs that Wisconsin law applies. Under *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), when diversity of citizenship is the basis for subject matter jurisdiction, the district court looks to the law of the forum state to determine which state's substantive law should be applied. Wisconsin courts presume that Wisconsin law applies unless it is clear that non-forum contacts have greater significance. *State Farm Mutual Automobile Insurance Co. v. Gillette*, 2002 WI 31, ¶ 51, 251 Wis.2d 561, 641 N.W.2d 662. I will follow the parties' lead and assume that Wisconsin law applies. *FutureSource LLC v. Reuters Ltd.*, 312 F.3d 281, 283 (7th Cir.2002) ("[T]here's no discussion of choice of law issues, and so we apply the law of the forum state.").

### C. *Summary Judgment Standard*

The standards for summary judgment are well known. Summary judgment is appropriate if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In deciding a motion for summary judgment, the court must view all facts and draw all inferences from those facts in the light most favorable to the non-moving party. *Schuster v. Lucent Technologies, Inc.*, 327 F.3d 569, 573 (7th Cir.2003). However, the non-moving party may not simply rest on its allegations; rather, it must come forward with specific facts that would support a jury's verdict in its favor. *Van Diest Supply Co. v. Shelby County State Bank*, 425 F.3d 437, 439 (7th Cir.2005).

Both plaintiffs and defendant have moved for summary judgment on the issues of policy language and unconscionability. Defendant has also moved for sum-mary judgment on plaintiffs' bad faith claim. I address the parties' cross motions jointly according to topic, but independently of each other for purposes of construing the facts.

### D. *Insurance Policy Language*

Both plaintiffs and defendant have moved for summary judgment on the issue of the scope of coverage provided by the policy's definition of "permanent total disability." I will consider defendant's motion for summary judgment first, viewing the facts in the light most favorable to plaintiffs.

▉ In Wisconsin, "[t]he rules governing construction and interpretation of insurance policies are those applicable to contracts generally." *Kraemer Brothers, Inc. v. United States Fire Insurance Co.*, 89 Wis.2d 555, 562, 278 N.W.2d 857 (1979) (citations omitted). The construction of an insurance contract provision is a question of law. *Welin v. American Family Mutual Insurance Co.*, 2006 WI 81, ¶ 16, 292 Wis.2d 73, 717 N.W.2d 690. The court should strive to "give effect to the intent of the parties as expressed in the language of the policy." *Folkman v. Quamme*, 2003 WI 116, ¶ 12, 264 Wis.2d 617, 665 N.W.2d 857 (citing *Danbeck v. American Family Mutual Insurance Co.*, 2001 WI 91, ¶ 10, 245 Wis.2d 186, 629 N.W.2d 150). In the context of insurance, the insurer assumes certain risks and charges premiums to reflect the cost of these risks.

▉ When the language of an insurance policy is unambiguous it will be enforced as written, without resort to rules of construction or principles in case law. *Hull v. State Farm Mutual Automobile Insurance Co.*, 222 Wis.2d 627, 637, 586 N.W.2d 863 (1998). However, when the language of a policy is ambiguous, the language will be construed against the insurer and in favor of coverage. *Badger*

*Mutual Insurance Co. v. Schmitz,* 2002 WI 98, ¶ 51, 255 Wis.2d 61, 647 N.W.2d 223. Insurance policy language is ambiguous if it is "susceptible to more than one reasonable interpretation." *Danbeck,* 2001 WI 91, ¶ 10, 245 Wis.2d 186, 629 N.W.2d 150. The policy language should be given the meaning "a reasonable person in the position of the insured would have given [it]." *Wisconsin Label Corp. v. Northbrook Property & Casualty Insurance Co.,* 2000 WI 26, ¶ 25, 233 Wis.2d 314, 607 N.W.2d 276.

■ The parties' dispute regarding coverage boils down to a single question: must plaintiff Shannon Nichols meet the first paragraph of the policy's definition of "permanent total disability" to be eligible for coverage? Defendant contends that the only reasonable interpretation of the "permanent total disability" definition is that an insured must meet all three paragraphs to be eligible for coverage. Plaintiffs contend that a reasonable person in the position of the insured could understand the absence of the word "and" between the first and second paragraph to provide coverage if either the first paragraph or the second and third paragraphs are met. If defendant is correct, the policy language is unambiguous and must be enforced as written. If plaintiffs are correct, the policy language is ambiguous and must be construed to allow coverage where only the second and third paragraphs are met.

The policy defines "permanent total disability" in a single sentence structured as a vertical list or series. The definition begins with an introduction, followed by a colon. After the colon, there are three numbered paragraphs, separated vertically and indented to emphasize grouping. The first paragraph sets out lettered sub-paragraph items, also separated vertically and indented. The first paragraph begins with a capitalized word and ends with a semicolon, the second paragraph begins with a lowercase word and ends with a semicolon and the word "and," and the third paragraph begins with a lowercase word and ends with a period. A stripped-down version of the definition at issue is:

PERMANENTLY TOTALLY DISABLED/PERMANENT TOTAL DISABILITY-as used in this Description of Coverage, means:

1: That the Insured Person has suffered a Permanent Total Loss of Use of:

a ...; or

b ...; or

c ...; or

d ...; or

e ...;

2 the Insured Person is ...; and

3. the Insured Person is....

Plaintiffs argue that "provisions [that] contain neither a conjunctive or disjunctive connector are inherently ambiguous." Plts' Br. at 11. Plaintiffs discuss a handful of cases from a variety of jurisdictions in which courts have found that the omission of "and" or "or" or punctuation created ambiguities in the contract language. *Charette v. Prudential Insurance Co. of America,* 202 Wis. 470, 232 N.W. 848 (1930); *Tri–Motors Sales, Inc. v. Travelers Indemnity Co.,* 19 Wis.2d 99, 119 N.W.2d 327 (1963); *Georgia Intern. Life Ins. Co. v. Bear's Den, Inc.,* 162 Ga.App. 833, 292 S.E.2d 502 (1982); *Federal Ins. Co. v. Stroh Brewing Co.,* 127 F.3d 563 (7th Cir. 1997) (applying Indiana law). However, none of the cases involved an omission of "and" or "or" between the initial items in a series. It is common practice to omit conjunctive and disjunctive connectors ("and" and "or") between all items in a series except the last two. The whole series assumes the conjunction or disjunction placed between the last two items in the series. Thus, "you must do A, B, and C"

means "you must do A and B and C." Such a reading would conform to the "reasonable insured's" understanding of a series.

The definition of "permanent total disability" is only slightly different from this simple series. First, the paragraphs in the definition of "permanent total disability" are separated by semicolons instead of commas, but they contain internal punctuation. Items in a series should be separated by semicolons instead of commas where the items contain internal punctuation. *See, e.g., The Chicago Manual of Style* ¶¶ 6.21, 6.60 (15th ed.2003). Second, the policy language is made up of lengthy block paragraphs. At the same time, these paragraphs are indented to emphasize their grouping, and each paragraph begins with a lowercase word, making it clear that the paragraphs are intended to be part of a single series connected by conjunction. The "and" between the second and third paragraphs make it clear that all three paragraphs are part of a conjunctive series.

Plaintiffs argue that defendant's February 17, 2005 letter to plaintiff Shannon Nichols, which included the word "and" between the first and second paragraphs, demonstrates that defendant thought the conjunction missing from the original policy language was necessary in interpreting the policy language. Even if an additional "and" between the first and second paragraphs of the original policy definition may have made its conjunctive nature more readily apparent, the sentence structure did not require the conjunction to make its meaning clear. All three paragraphs must be met to be eligible for coverage under the definition.

Because I find that the policy language unambiguously requires an insured to meet the requirements of all three paragraphs of "permanent total disability" to be eligible for coverage, and because the parties have stipulated that plaintiff Shannon Nichols does not meet the requirements of the first paragraph, I will grant defendant's motion for summary judgment with respect to the scope of coverage under the policy. For the same reason, plaintiffs' motion must be denied.

### D. *Unconscionability*

■ Plaintiffs and defendant have each moved for summary judgment on the issue of whether the specific total loss requirement in the first paragraph of "permanent total disability" is unconscionable. Once again, I consider first whether plaintiffs' claims survive defendant's motion for summary judgment, viewing the facts in a light most favorable to plaintiffs.

■ Unconscionability refers to "the absence of a meaningful choice on the part of one party, together with contract terms that are unreasonably favorable to the other party." *Wisconsin Auto Title Loans, Inc. v. Jones*, 2006 WI 53, ¶ 32, 290 Wis.2d 514, 714 N.W.2d 155 (citations omitted). The principle underlying unconscionability is "prevention of oppression or unfair surprise," not "disturbance of allocation of risks because of superior bargaining power." *Id.* (citation omitted). A finding of unconscionability requires "a certain quantum of procedural plus a certain quantum of substantive unconscionability." *Discount Fabric House of Racine, Inc. v. Wisconsin Telephone Company*, 117 Wis.2d 587, 602, 345 N.W.2d 417, 425 (1984). Procedural unconscionability, the "lack of meaningful choice," relates to whether a contract was properly formed by a "real and voluntary meeting of the minds." *Deminsky v. Arlington Plastics Machinery*, 2003 WI 15, ¶ 27, 259 Wis.2d 587, 657 N.W.2d 411. Substantive unconscionability relates to the fairness of the contract. *Wisconsin Auto Title Loans*, 2006 WI 53, ¶ 59, 290 Wis.2d 514, 714 N.W.2d 155.

Factors relevant to procedural unconscionability include, but are not limited to: age, education, intelligence, business acumen and experience, relative bargaining power, who drafted the contract, whether the terms were explained to the weaker party, whether alterations in the printed terms would have been permitted by the drafting party, and whether there were alternative providers of the subject matter of the contract.

*Id.* (citations omitted).

Plaintiffs contend that the policy language is procedurally unconscionable because defendant had more business acumen and experience in disability insurance than they did, pointing out that defendant drafted the policy. Defendant asserts that plaintiffs have failed to show plaintiff Shannon Nichols was so disadvantaged as to negate the "real and voluntary meeting of the minds" between the contracting parties.

■ Plaintiffs have not adduced evidence regarding the parties' respective bargaining powers or otherwise demonstrated that the Nichols were disadvantaged, pressured or confused by the terms of the agreement. Instead, plaintiffs rely solely on the reasonable inference that defendant, an insurer, has more business acumen and experience with insurance disability terms than plaintiff Shannon Nichols. To find procedural unconscionability simply because plaintiffs are laypersons dealing with an allegedly seasoned insurance company would mean that nearly all contracts contain a quantum of procedural unconscionability. Unconscionability requires something more than "superior bargaining power." *Wisconsin Auto Title Loans.* 2006 WI 53, ¶ 32, 290 Wis.2d 514, 714 N.W.2d 155. Moreover, a plaintiff asserting unconscionability may not simply offer conclusory statements that they were less experienced in business than the company whose contract they signed. Instead,

at a minimum, a plaintiff must adduce specific evidence related to their respective bargaining abilities. Because this evidence is lacking, I conclude plaintiffs have not established a quantum of procedural unconscionability.

■ Even if plaintiffs could establish a quantum of procedural unconscionability, they fail to establish a quantum of substantive unconscionability. Substantive unconscionability includes "one-sidedness, unfairness, unreasonableness, harshness, overreaching, or oppressiveness of the provision at issue." *Wisconsin Auto Title Loans,* 2006 WI 53, ¶ 59, 290 Wis.2d 514, 714 N.W.2d 155. The analysis of substantive unconscionability requires determining whether the contract terms are "commercially reasonable," in light of the "general commercial background and commercial needs." *Id.,* ¶ 36 (citations omitted). This type of unfairness is usually found in cases where commercial interests have preyed on poor and disadvantaged consumers, unduly restricting the consumer's remedies or unduly expanding their own. *Id.,* ¶ 60.

Plaintiffs contend that the three-part definition of "permanent total disability" is substantively unconscionable because it requires "complete helplessness." Defendant contends that limiting policy coverage to specific total loss coverage is commercially reasonable and so not unconscionable.

Plaintiffs' sole argument for substantive unconscionability is that the policy so narrowly restricts coverage that it requires "complete helplessness" before providing coverage, which plaintiffs claim is unconscionable. Plaintiffs cites a Wisconsin case for the proposition that disability insurance coverage requiring "complete helplessness" is substantively unconscionable. Plts.' Br., dkt. # 10, at 14 (citing *Harker v. Paul Revere Life Ins. Co.,* 28 Wis.2d 537, 546, 137 N.W.2d 395 (1965); G.J. Couch,

Annotation, *When insured deemed to be totally and continuously disabled or unable to transact all business duties,* 98 A.L.R. 788, 789 (1935)). First, this is not what Wisconsin law establishes. In *Harker,* the court noted that "in interpreting the total disability provisions the tendency of many courts has been towards a liberal rather than a strict interpretation" and approved the notion that "total disability" "does not mean, as its literal construction would require, a state of absolute helplessness." *Id.* (citing with approval 98 A.L.R. 788, 789). The court did not discuss unconscionability or find any policy language unenforceable. *Id.* Nor did the court consider policy language that explicitly required specific loss. Second, the language of defendant's insurance policy does not require "complete helplessness" before offering coverage. Although the policy requires at least one type of specific total loss, disability and continuing treatment, this does not amount to "total helplessness."

Because I conclude that the definition of "partial total disability" was neither procedurally nor substantively unconscionable, I will grant defendant's motion for summary judgment on that issue and deny plaintiffs' motion.

### E. *Bad Faith Claim*

■ Defendant has moved for summary judgment on plaintiffs' bad faith claim, arguing that there can be no bad faith if coverage is debatable, and that there is no evidence supporting the claim that defendant acted in bad faith. In response, plaintiffs decline to adduce evidence or argue in favor of their bad faith claim. Instead, plaintiffs contend the bad faith claim "is not the subject of these motions for summary judgment. The Nichols' claim for bad faith will proceed in the next phase of this lawsuit. It has not been properly addressed nor briefed by the par-

ties at this stage." Plts.' Reply Br., dkt. # 17, at 8.

Failure to respond to an argument may result in waiver or forfeit. *Wojtas v. Capital Guardian Trust Co.,* 477 F.3d 924, 926 (7th Cir.2007) (failure to oppose operates as waiver); *Walker v. Mueller Industries, Inc.,* 408 F.3d 328, 330–31 (7th Cir.2005) (plaintiff waived or forfeited claim that he failed to mention and at one point "expressly disavowed"). Waiver is the intentional relinquishment of a known right, which extinguishes any error and precludes appellate review. *United States v. Jacques,* 345 F.3d 960, 962 (7th Cir.2003) (citing *United States v. Olano,* 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). Forfeiture is the failure to make the timely assertion of a right, which is reviewable under the plain error standard. *Id.*

In this case, plaintiffs did not respond to the substance of defendant's argument against their bad faith claim, mistakenly underestimating the scope of defendant's cross-motion. Plaintiffs did not intend to give up their right to respond to defendant's bad faith argument, but they did fail to timely assert their right. Thus, plaintiffs have forfeited, not waived, their bad faith claim.

Moreover, by not responding in any meaningful way, plaintiffs failed as well to adduce any facts in support of their claim that defendant acted in bad faith. As the party bearing the ultimate burden of proof, this was an error. *Schacht v. Wisconsin Dept. of Corrections,* 175 F.3d 497, 504 (7th Cir.1999) ("Summary judgment is not a dress rehearsal or practice run; it is the put up or shut up moment when a party must show what evidence it has that would convince a trier of fact to accept its version of the events.").

Because plaintiffs have failed to address the substance of defendant's motion for

summary judgment they have forfeited their arguments. Defendant's motion for summary judgment will be granted on the bad faith claim.

### ORDER

IT IS ORDERED that

1. Plaintiffs Shannon and Lee Nichols's motion for partial summary judgment is DENIED; and

2. Defendant National Union Fire Insurance Company of Pittsburgh Pa's motion for summary judgment is GRANTED.

The clerk of court is directed to enter judgment for defendant and close this case.